# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN WRIGHT | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-17-3557 |
| WEXFORD HEALTH SOURCE, INC. | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

The Court has received Plaintiff's Amended Complaint together with motions for appointment of counsel and for leave to proceed in forma pauperis. Plaintiff has also filed two motions to compel his review of his medical records (ECF Nos. 9 and 10), and a motion for extension of time that was improperly docketed under the wrong case number (ECF No. 11).[1] Upon review, the Amended Complaint must be dismissed. The Court grants Plaintiff's motion to proceed in forma pauperis and denies the remaining motions.

The Amended Complaint names as defendants Wexford Health Source, Inc., Holly Pierce, NP, and Mahboob Ashraf, MD. ECF No. 6 at p. 1. Plaintiff alleges that while under the care of Pierce and Ashraf, he was diagnosed with hematuria (blood in his urine) which has "caused issues with security as well as cellmates." *Id*. at p. 3. Plaintiff further asserts that he is denied access to supplies, forcing him to wear "contaminated clothing that have not been properly cleaned" and hold such "contaminated clothing in [his] cell for weeks at a time." *Id*. at pp. 3-4. He avers that "medical" refused to provide him with an order requiring his assignment to a single cell, even though it was known that his medical problem could cause conflict with a cellmate due to the presence of "bloody clothes, sheets, underclothes, cell area, sink, toilet, floor,

---

[1] The motion for extension of time concerns Civil Action PX-17-91.

etc." *Id*. at p. 4.  As remedy, Plaintiff requests laundry detergent.  ECF No. 6-1 at p. 1.  Plaintiff has been told that no pending medical order exists for him to receive additional laundry detergent, and thus he must make a welfare request for laundry detergent in light of his indigency.  *Id*.

Plaintiff's second claim is that on March 4, 2017, "medical personnel removed information from the medical computer" which notes that he is "allergic to . . . Tylenol, Motrin, and Aspirin."  ECF No. 6 at p. 6. Plaintiff more particularly asserts that Defendants were forcing him to take one or more of these medications to treat his chronic pain, which has resulted in rashes.  *Id*.  When plaintiff complained about the information being removed, Defendant Holly Pierce responded that information had initially been added in error and then said it had been removed based on a conversation she had with Plaintiff.  *Id*. at pp. 6-7.  Plaintiff implies these responses are contradictory.

Plaintiff further alleges that Holly Pierce runs a drug treatment program outside of the prison, that Pierce discontinued Plaintiff's prescribed pain medication, and Defendant Dr. Ashraf refused to monitor the situation.  ECF 6 at p. 8.  Records submitted with the supplemental complaint indicate that Plaintiff was taken off Tramadol due to his hematuria. ECF 6-1 at p. 10.  Further, the medical records reflect that Plaintiff's reported "allergic reaction" was his attempt to induce the medical staff to resume prescribing him Tramadol for his arthritis pain.  *Id*.

Plaintiff's Amended Complaint most closely sounds in alleged substandard medical care constituting cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment."  *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) citing *Wilson v. Seiter*,

501 U.S.294, 297 (1991). To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that Defendants' acts or omissions in medical treatment amount to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it. . . . [T]he Constitution is designed to deal with deprivations of rights, not errors in judgments, even though such errors may have unfortunate consequences. . . . To lower this threshold would thrust federal courts into the daily practices of local police departments." *Grayson v. Peed*, 195 F.3d 692, 695- 96 (4th Cir. 1999).

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need of which, subjectively, the prison staff were aware, but failed to either provide medical care or ensure care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) quoting *Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official

may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000); citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken). A health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Mere negligence or malpractice does not rise to a constitutional level. *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

The Amended Complaint, viewing all allegations as true, fails to allege a serious medical condition which was not treated appropriately. Nothing stated in the Amended Complaint "shocks the conscience" or demonstrates reckless disregard for Plaintiff's pain and suffering. Further, Plaintiff fails to allege an injury resulting from the denial of a single cell assignment or denial of treatment for a rash on his arms. The Amended Complaint and incorporated medical records reflect Plaintiff's disagreement regarding appropriate treatment, but do not allow the plausible inference that Defendants were deliberately indifferent to his serious medical needs. The Amended Complaint is therefore dismissed. A separate Order follows.

| | |
|---|---|
|     5/3/18 |     /S/ |
| Date | Paula Xinis |
| | United States District Judge |